544 So.2d 1036 (1989)
Gene H. LASSWELL, Jr., Appellant,
v.
CSX TRANSPORTATION, INC., a Corporation, Appellee.
No. 88-02302.
District Court of Appeal of Florida, Second District.
May 5, 1989.
Rehearing Denied June 22, 1989.
*1037 Joel D. Eaton of Beckham, McAliley & Schulz, P.A., Jacksonville, and Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellant.
Sara Blair Lake of Melkus & Hunter, P.A., Tampa, for appellee.
CAMPBELL, Chief Judge.
Appellant challenges the final summary judgment for appellee, his employer. The court found that appellee had conclusively demonstrated the absence of any genuine issue of material fact on the issues of defect, notice and foreseeability that could be the basis for appellee's liability in appellant's negligence action brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq.
The facts show that while appellant was working as a brakeman in appellee's train yard, he stubbed his right foot on an unidentifiable object. He felt no pain, was unconcerned about the incident and did not then or thereafter observe or have any idea as to what the unknown object was that caused him to stub his foot. Thereafter, while climbing a ladder to the engine of a train, he felt pain in his foot and noticed that it was bleeding profusely. He was immediately taken to a nearby emergency room. His right big toe was almost amputated as a result of the injury. The nearest person to appellant when the incident occurred was approximately two train car lengths away. Thus, there was no one who observed what occurred and no one ever identified the object that caused appellant to stub his foot.
Appellee had the burden to present evidence demonstrating conclusively the absence of any genuine issue of material fact to support appellant's cause of action in appellee's motion for summary judgment. Once appellee had initially met that burden, it then became the duty of appellant to affirmatively contravene appellee's showing of a lack of any genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Appellant has failed to carry his burden. Inasmuch as it has been demonstrated that it can never be shown by inference or otherwise what the object was that caused appellant to stub his foot, how long it may have been in appellee's rail yard, how it got there and what notice by inference or otherwise, if any, that appellee had of the object, the summary judgment for appellee must be affirmed.
SCHEB and HALL, JJ., concur.