637 So.2d 37 (1994)
John D. STANFORD, Appellant,
v.
CSX TRANSPORTATION, INC., a corporation, Appellee.
No. 93-01224.
District Court of Appeal of Florida, Second District.
May 11, 1994.
Arnold R. Ginsberg, of Perse, P.A. & Ginsberg, P.A. and Beckham & McAliley, P.A., Miami, for appellant.
Daniel J. Fleming, of Melkus & Hunter, P.A., Tampa, for appellee.
ALTENBERND, Judge.
John D. Stanford appeals a final summary judgment entered in favor of CSX Transportation, *38 Inc. (the Railroad), in his FELA[1] action. Because the Railroad failed to satisfy the difficult requirements for such a summary judgment, we reverse and remand for further proceedings.
Mr. Stanford works for the Railroad as a data processing clerk at the Rockport Yard. On June 6, 1991, he slipped and fell on a flight of stairs outside his office. He sustained injuries in the fall and stayed home from work to recuperate.
On June 25, 1991, a claims representative for the Railroad called Mr. Stanford at home and obtained a lengthy recorded interview. During the telephone call, Mr. Stanford explained that his feet went out from under him while he was descending the stairs to get some supplies. He slid down the stairs, landing hard at the bottom. He did not pass out, but the fall "knocked the breath" out of him. A coemployee, Herb Sapp, helped him up. Mr. Stanford also believed that a Mr. Phillips and another employee came to the scene of his accident.
During the interview, Mr. Stanford had no real explanation for his fall. He believed there was some moisture on the steps. In the past, he had seen grease on the steps, but he did not notice any grease that day. He did not see any rocks or other objects on the steps. At the time of this interview, he could not identify any defect in the steps. He suggested that his coemployees might have more information concerning the condition of the steps at the time of his accident.
After Mr. Stanford filed his FELA action, the Railroad requested that Mr. Stanford admit that he had made the statements in this recorded interview. Ultimately, he admitted that he made these statements. The Railroad moved for summary judgment, relying exclusively upon the contents of the telephone interview. Mr. Stanford filed an affidavit in opposition to the motion for summary judgment in which he stated that there were no foot mats at the top or bottom of the stairs for the employees to clean phosphate and other debris from their feet. He stated that phosphate was found throughout Rockport Yard, and that it becomes slippery when wet. He said that the stairs had dew on them at the time of his accident, and that the non-skid surface of the steps had been ineffective due to an accumulation of phosphate.
The Railroad moved to strike the affidavit, maintaining that it conflicted with the information provided by Mr. Stanford in his telephone statement. The trial court struck the affidavit and entered summary judgment in favor of the Railroad. Mr. Stanford appealed.
First, we conclude that the trial court erroneously struck Mr. Stanford's affidavit. It has long been the rule that a party may not file an affidavit directly contradicting the party's sworn testimony in order to avoid the entry of a summary judgment. Ellison v. Anderson, 74 So.2d 680 (Fla. 1954); Jordan v. State Farm Ins. Co., 515 So.2d 1317 (Fla. 2d DCA 1987). "However, a party may give a subsequent affidavit for the purpose of explaining testimony given in a prior affidavit or deposition, so long as the explanation is credible, even though it creates an issue on the opponent's motion for summary judgment." Willage v. Law Offices of Wallace and Breslow, P.A., 415 So.2d 767, 769 (Fla. 3d DCA 1982). We question whether the rule in Ellison should apply to an unsworn telephone interview that was obtained under informal circumstances a few days after the accident. Assuming that the rule does apply, Mr. Stanford was not asked in the interview about mats at the top and bottom of the stairs. There was no discussion during the interview concerning problems associated with phosphate dust. Mr. Stanford's affidavit is not the type of "bald" repudiation of testimony discussed in Ellison. Perhaps the testimony in his affidavit may be challenged by his prior statements to the claims adjustor, but we do not view the difference in the two statements as a sufficient conflict to permit the trial judge to determine the issue of credibility. See also Arnold v. Dollar General Corp., 632 So.2d 1144 (Fla. 5th DCA 1994) (holding summary judgment improper where plaintiff's affidavit in opposition to motion for summary judgment did not blatantly contradict prior deposition, although in affidavit, plaintiff affirmatively stated her fall was caused by debris, but in previously filed deposition, she stated she could not remember what caused her fall).
*39 Even without Mr. Stanford's affidavit, we conclude that the record in the trial court would not support a summary judgment in favor of the Railroad. It is well established that a party seeking summary judgment in a negligence action has a more onerous burden than in other types of cases. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). That burden is even more difficult in a FELA case. See Rogers v. Missouri Pac. R.R., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); Henderson v. CSX Transp., Inc., 617 So.2d 770 (Fla. 1st DCA 1993). The Railroad was obligated to conclusively establish the absence of any genuine issue of material fact. At best, the Railroad's motion established that Mr. Stanford did not have personal knowledge of a defect in the stairs at the time of his accident. This is not a case in which the defendant examined the premises immediately after the accident and filed an affidavit establishing that the steps were in proper condition. Mr. Stanford provided the Railroad with the names of coemployees who could provide additional information concerning the stairs. In moving for summary judgment, the Railroad did not attempt to establish that these witnesses could not provide evidence of a defect.
The Railroad relies heavily upon our prior decision in Lasswell v. CSX Transportation, Inc., 544 So.2d 1036 (Fla.2d DCA), review denied, 553 So.2d 1165 (Fla. 1989). In Lasswell, the plaintiff stubbed his toe on an unknown object while working in the train yard. He did not immediately realize that he was hurt. There were no witnesses close to the general scene of the accident. The Railroad established in Lasswell that the location of the accident could not be precisely established and that there were no potential witnesses that could provide information about the accident. The Railroad's motion for summary judgment in this case is simply not supported by that kind of conclusive evidence.
Reversed and remanded.
DANAHY, A.C.J., and LAZZARA, J., concur.
NOTES
[1] Federal Employers' Liability Act, 45 U.S.C. § 51 (1988).