712 So.2d 824 (1998)
Janet BRIGUERA and Gregory Briguera, Husband and Wife, Appellants,
v.
BEHR PAINT CORPORATION, a foreign corporation and Home Depot USA, Inc., a foreign corporation, Appellees.
No. 97-02022.
District Court of Appeal of Florida, Second District.
July 8, 1998.
*825 Charles N. Cleland, Jr. and Robert G. Lyons of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellants.
Hala A. Sandridge of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellees.
THREADGILL, Acting Chief Judge.
Janet and Gregory Briguera, plaintiffs in an action for personal injuries sustained in a slip-and-fall accident, appeal a summary final judgment entered in favor of Behr Paint Corporation (Behr) and Home Depot USA, Inc. (Home Depot), the defendants. Because a genuine issue of material fact remains, we reverse.
The complaint alleges that the Brigueras applied a porch and floor paint to the exterior wood porch and the concrete steps leading up to the porch of their home. Behr manufactured the paint, and the Brigueras purchased the paint at Home Depot upon the recommendation of a Home Depot salesperson. Four days after the Brigueras applied the paint, Mrs. Briguera slipped and fell on the porch, sustaining injuries. The complaint alleges that the paint was erroneously designed, formulated, or manufactured, so that a surface painted with that particular paint becomes slippery and unsafe for walking when it becomes wet.
Behr and Home Depot moved for summary judgment, arguing that the Brigueras, in their depositions, testified the porch was not wet at the time of Mrs. Briguera's fall. Behr and Home Depot referred to the deposition testimony of the Brigueras' expert engineer, who testified that the dry porch surface was not slippery or unreasonably dangerous and that the paint was not defective when the porch was dry. He also testified, however, that the paint was dangerous when it became wet, because it had a dangerously low coefficient of friction when wet. Behr and Home Depot argued that the Brigueras had failed to show there was a defect in the paint on the day of the accident or that any such defect was the proximate cause of Mrs. Briguera's injuries.
The Brigueras submitted affidavits in opposition to the motion for summary judgment. In her affidavit, Mrs. Briguera averred that the porch was damp at the time of her fall. She stated that as she lay on the walkway at the bottom of the steps after the fall, she felt dampness on the steps and the walkway. She stated that the area of the porch on which she slipped is uncovered and is immediately adjacent to the steps. She also stated that there was heavy dew on the car as she and her husband drove to the hospital after the fall. In his affidavit, Mr. Briguera averred that as he walked across the porch to assist his wife, he too slipped on the porch and fell down the steps. He also felt wetness on the steps and walkway, and his pants and hands were wet as a result of the fall. The Brigueras also submitted the affidavit of a meteorologist. The meteorologist reviewed weather data for the date of the accident and opined that the exposed portion of the Brigueras' porch necessarily would have been wet with dew at the time of the fall.
The trial court rejected the Brigueras' affidavits, noting that they had testified in their depositions that the porch was dry at the time of the fall. It also rejected the affidavit of the meteorologist, stating that a meteorologist could not determine with any kind of accuracy whether a particular area of a porch would have dew on it. The trial court granted summary judgment in favor of Behr and Home Depot, apparently finding that there was no material issue of fact as to whether the porch was wet at the time of Mrs. Briguera's fall.
A party may not file an affidavit directly contradicting its sworn testimony in order to avoid summary judgment. See Stanford v. CSX Transp., Inc., 637 So.2d 37 (Fla. 2d DCA 1994). The affidavits filed in this case did not, however, directly contradict the Brigueras' deposition testimony. In their depositions, in response to specific questions by the defense attorney, the Brigueras testified only that they did not "see" *826 water on the porch and that the porch "looked" dry. Neither Mr. nor Mrs. Briguera testified that the porch was dry at the time of the fall. Furthermore, in a deposition given on October 15, 1996, the Brigueras' expert engineer testified that on March 9, 1995 Mrs. Briguera advised him that the porch was moist from dew at the time of her fall. The motion for summary judgment was not filed until December 9, 1996. Because the affidavits submitted by the Brigueras do not directly contradict their deposition testimony, the trial court should not have rejected them. See Stanford, 637 So.2d at 38; Bowers v. Cain, 609 So.2d 61 (Fla. 4th DCA 1992). The affidavits present a genuine issue of material fact as to whether the area of the porch on which Mrs. Briguera fell was wet at the time of her fall. Thus, summary judgment was inappropriate. We therefore reverse the summary final judgment and remand for further proceedings.
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., concur.