STRINGER, Judge.
Appellant, Joetta Holloway, challenges a final summary judgment entered against her in favor of appellee, National Railroad Passenger Corporation d/b/a Amtrak (Amtrak), on her claims brought pursuant to the Federal Employer’s Liability Act[1] (FELA). We reverse.
In 1996, Holloway worked for Amtrak as a lounge service attendant. Her duties included serving food and beverages to passengers and also loading and unloading supplies from the lounge car. In August 1996, Holloway began experiencing extreme pain in her back, hips, and legs during a run from Tampa to New York. Shortly after the trip, Holloway went to a physician and was diagnosed with a bulging disk in her back. Holloway made three more runs before she ended her position with Amtrak due to the pain she was experiencing.
Holloway filed a FELA action alleging that Amtrak was negligent in failing to provide her with a safe place to work. The first count of the complaint alleged that she suffered an occupational repetitive injury caused by repeat trauma from forces exerted on her body by the movement of the railroad car and her job duties which required her to repeatedly lift items in an “extremely awkward, bent over position, putting undue strain on her back, hips and legs.” The second count of the complaint alleged that in August 1996, during the run from Tampa to New York, Holloway strained her hip, back, and legs while lifting various items she was required to load and unload from the train. As to the second count, Holloway admitted *541 that she was unable to recall the exact moment that she was injured; however, she alleged that the injury occurred sometime during the trip.
Amtrak moved for summary judgment, arguing that Holloway could not prove how or when she was injured. In opposing the motion for summary judgment, Holloway submitted her deposition and an affidavit from her treating physician. The physician opined that her duties with Amtrak “caused an aggravation of a pre-existing asymptomatic medical condition which has resulted in her current medical condition.” In her deposition, Holloway gave a detailed explanation of the loading procedures and noted various procedures and conditions in her work environment which she believed contributed to her injury. Holloway further stated that she had notified her supervisors several times concerning her working conditions. The trial court granted the motion for summary judgment.
“Summary judgment should be cautiously granted in negligence ... suits.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). “The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.” Id.
Section 51 of the FELA provides, in part:
Every common carrier by railroad while engaging in commerce between any of the several States ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... resulting in whole or in part ... by reason of any defect or insufficiency, due to its negligence, in its cars, ... or other equipment.
Although proof of negligence on the part of a railroad is required to support a FELA claim, the quantum of proof necessary has been reduced “almost to the vanishing point by ... decisions of the Supreme Court of the United States.” Atl. Coast Line R.R. Co. v. Barrett, 101 So.2d 37, 39 (Fla.1958).
In Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), the Court stated:
Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee’s contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities.
The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer’s negligence.
... The decisions of this Court ... teach that the Congress vested the power of decision in these actions exclusively *542 in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee’s injury.
Id. at 506-10, 77 S.Ct. 443 (footnotes omitted).
The fact that Holloway could not state with certainty when or how her injury occurred is not fatal to her cause of action. In Urie v.. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), a worker allegedly contracted silicosis from repeated exposure to silica dust from the locomotives. The Court held that the worker could maintain his action and stated:
In our view, when the employer’s negligence impairs or destroys an employee’s health by requiring him to work under conditions likely to bring about such harmful consequences, the injury to the employee is just as great when it follows, often inevitably, from a carrier’s negligent course pursued over an extended period of time as when it comes with the suddenness of lightning.
Id. at 186-87, 69 S.Ct. 1018.
In Worden v. Pratt & Whitney Aircraft, 256 So.2d 209 (Fla.1971), the supreme court recognized occupational injuries, from repeated exposure to a harm at the workplace, are compensable injuries. The supreme court stated, “The accidental nature of an injury is not altered by the fact that, instead of a single occurrence, the injury is the cumulated effect of a series of occurrences.” Id. at 210.
At issue in this case is whether the lounge car in which Holloway traveled was, in fact, negligently maintained and whether that negligence caused or contributed to her present injury, even in the slightest. According to her deposition, Holloway went to work and began experiencing pain while working on her shift. The physician’s affidavit claims that Holloway’s injury was caused, or partly caused, by the duties in her job over a period of time. Whether Amtrak was negligent in requiring Holloway to perform those duties or negligent in the maintenance of the environment in which she performed the duties is a question of fact that must be decided by a fact-finder. The pleadings are sufficient to raise a question as to whether Holloway suffered an occupational repetitive injury and whether Amtrak’s negligence contributed to that injury. Thus, as for Holloway’s claim of an occupational repetitive injury, the pleadings raised material questions of fact that should not have been decided by summary judgment.
Likewise, we find that Holloway’s claim that she suffered a specific injury during the Tampa New York run was sufficient to present the issue to the jury. Amtrak relies on our prior decision in Lasswell v. CSX Transportation, Inc., 544 So.2d 1036 (Fla. 2d DCA 1989). Lasswell stubbed his toe on an unknown object while working in the train yard and did not immediately realize that he was hurt. There were no witnesses close to the general scene of the accident, and Lasswell had no idea what he cut his foot on or how the accident occurred. Thus, we concluded that summary judgment was proper because Lasswell was unable to prove, by inference or otherwise, what object caused the injury, how the object got there, or whether the railroad had any notice of the object. Id. at 1037.
In this case, unlike in Lasswell, there is circumstantial evidence that would support an inference that Amtrak’s negligence played some part in Holloway’s injury. Although Holloway was unable to identify the particular item she lifted that caused her injury, it is clear that she alleges that the injury occurred while she was lifting supplies as part of her job duties. Based *543 on the nature of her injury, we believe a jury could infer that the injury occurred while Holloway was lifting supplies. Furthermore, Holloway alleged several reasons why Amtrak was negligent in requiring her to lift the items in the manner in which she did and under the conditions she was provided. Drawing every possible inference in favor of Holloway, we conclude that the pleadings were sufficient to raise a genuine issue of material fact. See Gaymon v. Quinn Menhaden Fisheries of Tex., Inc., 118 So.2d 42 (Fla. 1st DCA 1960) (stating that a jury question is established if the employee can show some negligence on the part of the employer coupled with direct or circumstantial evidence that the employer’s negligence played some part in the employee’s injuries).
In this case, it was error to grant Amtrak’s motion for summary judgment. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded with directions.
ALTENBERND, A.C.J., and CASANUEYA, J., Concur.

. 45 U.S.C. §§ 51-60 (1994).