*698
 
 PER CURIAM.
 

 Jeanne Spatz, the plaintiff in a trip and fall case, appeals the entry of final summary judgment in favor of the defendant premises owner. We affirm.
 

 In her complaint, the plaintiff alleged that while at the Embassy Retirement Home of Margate she “tripped and fell when her foot got caught on a loose and unsecured mat, partially covering a carpeted floor.” The plaintiff alleged that the defendant premises owner was negligent for failing to maintain the premises in a reasonably safe condition and negligent for failing to warn her of the alleged dangerous condition. In the plaintiffs deposition, when asked to describe what she tripped on and how she fell, the plaintiff indicated that her foot got caught on a large, unsecured rug that had a pattern and that was a different color from the underlying carpet. In that deposition, the plaintiff also indicated that she had worked at the retirement home as a patient coordinator and that she visited the facility several times a week as her mother and brother were residents. The defendant premises owner moved for summary judgment, asserting that the plaintiffs own deposition established that it was entitled to judgment as a matter of law.
 

 Florida Rule of Civil Procedure 1.510, which governs motions for summary judgment, provides that the adverse, non-moving party “shall identify, by notice mailed to the movant’s attorney at least 5 days prior to the day of the hearing, or delivered no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies.” Despite the rule’s requirements, plaintiffs counsel filed no response to the motion until the day prior to the hearing. In the late-filed response, the plaintiffs counsel asserted that the plaintiff had tripped at an area near a door’s threshold where there was a loose and unsecured area in the carpet. Plaintiffs counsel attached to the response a photograph, depicting an area of worn carpet in front of a door, and the plaintiffs answer to an interrogatory in which she described the accident as occurring when her “foot got caught under an unsecured piece of carpet” and caused her to fall.
 

 Under these circumstances, the trial court entered summary judgment in favor of the defendant premises owner and refused the plaintiffs counsel’s request for an opportunity to amend the complaint to conform to the newly-asserted version of events regarding the cause of the fall. We find no error in that ruling.
 

 We begin our analysis with two well-recognized principles of law. The first is that when faced with a motion for summary judgment, the trial court is limited to the issues raised by the pleadings.
 
 See, e.g., Fernandez v. Fla. Nat’l Coll., Inc.,
 
 925 So.2d 1096, 1102 (Fla. 3d DCA),
 
 review denied,
 
 941 So.2d 367 (Fla.2006). The second is that a party may not avoid summary judgment by taking a position contrary to the one that he or she has taken in prior sworn testimony.
 
 See Stanford v. CSX Transp., Inc.,
 
 637 So.2d 37, 38 (Fla. 2d DCA 1994). As a consequence of these principles, the only version of events properly before the trial court was the version alleged in the complaint and described in the plaintiffs deposition, i.e., that she topped and fell because of an unsecured area rug/mat. Application of the open and obvious danger doctrine to these facts entitled the defendant to summary judgment on the negligent failure to warn theory.
 
 See, e.g., Aaron v. Palatika Mall, L.L.C.,
 
 908 So.2d 574, 576-77 (Fla. 5th DCA 2005) (“The obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on
 
 *699
 
 the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious.”). And, while such doctrine does not discharge a premises owner’s duty to maintain the premises in a reasonably safe condition,
 
 see, e.g., Fieldhouse v. Tam Inv. Co.,
 
 959 So.2d 1214 (Fla. 4th DCA),
 
 review denied,
 
 969 So.2d 1018 (Fla.2007), this is of little help to the plaintiff as she cannot obtain reversal of the lower court’s ruling by arguing that there are issues of fact concerning a version of events that she abandoned.
 

 Lastly, any amendment of the complaint to allege the loose carpet theory asserted by counsel at the summary judgment hearing would be futile because the plaintiff would be confronted with her own deposition testimony, wherein she plainly asserted that she tripped and fell when her foot got caught under an area rug.
 
 See Stanford,
 
 637 So.2d at 38. Consequently, we affirm the judgment in favor of the defendant.
 

 Affirmed.
 

 WARNER, STEVENSON and DAMOORGIAN, JJ., concur.