SALARIO, Judge.
Ashley Grover filed this premises liability suit against Joseph Karl and Karl of Pasco, Inc., to recover for injuries she suffered in a fall at The Karl Reef, a bar in Pasco County. The trial court granted summary judgment to Karl and Karl of Pasco and denied. Grover’s motion for leave to amend her complaint. Grover appeals the resulting final judgment. Although the trial court properly granted summary judgment on the operative complaint, it erred in denying leave to amend without determining, as our law requires, that the proposed amendment was prejudicial, an abuse of privilege, or futile. We reverse and remand for further consideration of the motion for leave to amend.
Grover fell and was injured when a fight broke out at The Karl Reef. She sued Joseph Karl, as the bar’s alleged owner, and Karl of Pasco, as the alleged property owner, for negligence. Grover and the bar’s manager, Michelle Karl, were near the fight. In her original complaint, Grover alleged that she fell when another bar patron intentionally attacked her. At deposition, however, Grover testified that she fell when a fight among other bar patrons resulted in Ms. Karl’s getting shoved and, as a result, unintentionally falling on Grover. Joseph Karl and Karl of Pasco moved for summary judgment based on Grover’s testimony, arguing that the allegations of her complaint were contradicted by her testimony and that there was no material dispute that Karl and Karl of Pasco had no notice of the danger to Grover or opportunity to prevent it.
Shortly before the hearing on the summary judgment motion, Grover filed a motion for leave to amend her complaint. A proposed amended complaint attached to the motion removed Joseph Karl as a defendant, alleged that Karl of Pasco owned the bar, and added Michelle Karl as a defendant on counts of negligence and intentional battery. The proposed amended complaint alleged that Grover’s injuries were caused when Ms. Karl intentionally grabbed her arm and pushed or pulled until their feet became entangled and Grover fell. In opposition to the summary judgment motion, Grover filed an affidavit explaining that her deposition testimony that Ms. Karl was shoved into her unintentionally was an assumption on her part and that it was necessary to correct that assumption to match her amended complaint in light of subsequent deposition testimony by Ms. Karl that she grabbed Grover’s arm to direct her inside away from the fight and that their feet became entangled.
After granting the motion for summary judgment based on the original complaint, the trial court denied the motion for leave to amend. It reasoned that Grover’s new allegations related to Michelle Karl were “too attenuated” to allow amendment of the complaint and that Grover should instead file a new action. The trial court thereaftér entered a final summary judg *1287 ment dismissing Grover’s claims with prejudice and explicitly denying leave to amend.
Grover argues that the trial court erred in entering the summary judgment and by not allowing her to amend her complaint. We agree, in part, as concerns the denial of leave to amend. The law on amendment of pleadings is settled:
A lower court’s decision to permit or deny amendment to pleadings will not be disturbed on appeal in the absence of an abuse of discretion. However, all doubts should be resolved in favor of allowing amendments so that cases may be resolved on their merits. Thus, as a general rule, refusal to allow amendment constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.
Yun Enters., Ltd. v. Graziani, 840 So.2d 420, 422-23 (Fla. 5th DCA 2003) (citation omitted). Before a trial court can deny leave to amend, it must find that one of these three factors exists. See Geer v. Jacobsen, 910 So.2d 391, 393 (Fla. 2d DCA 2005) (reversing denial of amendment motion where “there was no finding by the trial court that any of [the] three reasons [for denying a motion to amend a complaint] exist”).
Here, the record does not reflect that the trial court considered whether Grover’s proposed amended complaint was prejudicial, an abuse of the privilege, or futile or that the trial court found that such circumstances existed. We acknowledge the difficulty confronting a trial court where, as here, a party’s version of the basic facts of what happened to her is revised from the complaint, to her deposition, to a postdeposition affidavit, culminating in an amendment motion filed on the brink of a summary judgment hearing.
However, a denial of such a motion based solely on a determination that the revised version of events contained in the proposed amendment is “too attenuated” with respect to the original claims — and without a finding of prejudice, abuse of privilege, or futility — is not a sufficient basis to deny leave to amend. See Hervey v. Alfonso, 650 So.2d 644, 647 (Fla. 2d DCA 1995) (“[E]ven if summary judgment is warranted as to the claim alleged, ... if the record indicates that the plaintiff may have a cause of action not previously pled, or a better one than originally pled, it is entirely appropriate from a procedural standpoint to grant summary judgment without prejudice to the plaintiff seeking leave to amend to assert such a claim.”).
Accordingly, although the trial court properly granted summary judgment as to the original complaint, we reverse the final summary judgment and remand for the trial court to reconsider Grover’s motion for leave to amend the complaint under the proper standard.
Reversed and remanded.
LaROSE and BLACK, JJ., Concur.