# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1601
Lower Tribunal No. 13-29361
_____


**Ian Sokoloff,**
Appellant,

vs.

**Oceania I Condominium Association, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Lindsey M. Tenberg (Lighthouse Point); Law Offices of Robert J. Fenstersheib & Associates, P.A., and Jason R. Manocchio (Hallandale Beach), for appellant.

Richard A. Sherman, Sr., and James W. Sherman (Fort Lauderdale); David S. Lefton and Patricia E. Garagozlo (Plantation), for appellee.


Before EMAS, LOGUE, and SCALES, JJ.

LOGUE, J.

In this slip-and-fall case, the plaintiff, Ian Sokoloff, appeals the final summary judgment in favor of the Oceania I Condominium Association. "Summary judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). The stated objective of the Florida Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action" is ill served by sending a case to trial only to have the judge direct a verdict. See Fla. R. Civ. P. 1.010; Martin Petroleum Corp. v. Amerada Hess Corp., 769 So. 2d 1105, 1108 (Fla. 4th DCA 2000) ("A party should not be put to the expense of going through a trial, where the only possible result will be a directed verdict.").

Here, there was no genuine issue of material fact and the Association was entitled to relief as a matter of law. See Earley v. Morrison Cafeteria Co. of Orlando, 61 So. 2d 477, 478 (Fla. 1952) ("The presence of the mat upon the floor and its construction was, or should have been, obvious to the [plaintiff] . . . . If the mat was dangerous at all (which we do not decide), the danger was not latent or concealed, but patent and obvious, and the ordinary use of her senses by the appellant would have disclosed it to her."); Spatz v. Embassy Home Care, Inc., 9 So. 3d 697, 698-99 (Fla. 4th DCA 2009) ("The obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a

dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious.") (citation omitted).

Affirmed.