NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ASHLEY FABER f/k/a Ashley Grover,       )
                                        )
          Appellant,                    )
                                        )
v.                                      )      Case No. 2D15-4106
                                        )
KARL OF PASCO, INC., a Florida          )
profit corporation,                     )
                                        )
          Appellee.                     )
                                        )
_____  )

Opinion filed June 29, 2016.

Appeal from the Circuit Court for Pasco
County; William H. Burgess, III, Judge.

Troy J. Iannucci of Latour & Associates,
P.A., Tarpon Springs, for Appellant.

Phillip S. Howell and Autumn P. George of
Galloway, Johnson, Tompkins, Burr &
Smith, PLC, Tampa, for Appellee.


BLACK, Judge.

        Ashley Faber, formerly known as Ashley Grover, challenges the order

granting final summary judgment in favor of Karl of Pasco, Inc., and denying her motion

for leave to amend the complaint.  Because the trial court abused its discretion in

denying Ms. Faber's motion for leave to amend, we reverse.

Ms. Faber initiated the underlying premises liability suit in 2013 against Joseph Karl and Karl of Pasco to recover for injuries she suffered in a fall at The Karl Reef, a bar in Pasco County. This court outlined the facts and procedural history of the case in the opinion resulting from Ms. Faber's first appeal:

> [Ms. Faber] fell and was injured when a fight broke out at The Karl Reef. She sued Joseph Karl, as the bar's alleged owner, and Karl of Pasco, as the alleged property owner, for negligence. [Ms. Faber] and the bar's manager, Michelle Karl, were near the fight. In her original complaint, [Ms. Faber] alleged that she fell when another bar patron intentionally attacked her. At deposition, however, [Ms. Faber] testified that she fell when a fight among other bar patrons resulted in Ms. Karl's getting shoved and, as a result, unintentionally falling on [Ms. Faber]. Joseph Karl and Karl of Pasco moved for summary judgment based on [Ms. Faber's] testimony, arguing that the allegations of her complaint were contradicted by her testimony and that there was no material dispute that Karl and Karl of Pasco had no notice of the danger to [Ms. Faber] or opportunity to prevent it.
>
> Shortly before the hearing on the summary judgment motion, [Ms. Faber] filed a motion for leave to amend her complaint. A proposed amended complaint attached to the motion removed Joseph Karl as a defendant,[1] alleged that Karl of Pasco owned the bar, and added Michelle Karl as a defendant on counts of negligence and intentional battery. The proposed amended complaint alleged that [Ms. Faber's] injuries were caused when Ms. Karl intentionally grabbed her arm and pushed or pulled until their feet became entangled and [Ms. Faber] fell. In opposition to the summary judgment motion, [Ms. Faber] filed an affidavit explaining that her deposition testimony that Ms. Karl was shoved into her unintentionally was an assumption on her part and that it was necessary to correct that assumption to match her amended complaint in light of subsequent deposition testimony by Ms. Karl that she grabbed [Ms. Faber's] arm to direct her inside away from the fight and that their feet became entangled.

---

[1]Ms. Faber also filed a notice of voluntary dismissal as to Joseph Karl.

Grover v. Karl, 164 So. 3d 1285, 1286 (Fla. 2d DCA 2015). Ms. Faber also filed the deposition transcript of Anthony Gidaro, a friend of Ms. Karl's who occasionally worked at The Karl Reef bar. Mr. Gidaro testified that he saw Ms. Karl grab Ms. Faber and bring her back inside the bar.

The trial court granted final summary judgment in favor of Joseph Karl and Karl of Pasco and denied Ms. Faber's motion for leave to amend her complaint following a hearing on April 22, 2014. Ms. Faber appealed that ruling to this court, and this court determined that although the trial court properly granted summary judgment on the operative complaint, it erred in denying leave to amend without determining that the proposed amendment was prejudicial, an abuse of privilege, or futile. Id. The trial court found only that the proposed amendment was "too attenuated," which is insufficient. Id. at 1287.

On remand from this court, the trial court held a hearing on July 22, 2015, for further consideration of the motion for leave to amend the complaint. The trial court indicated that the problem identified at the April 2014 hearing was that there was no "clear authority on amending a complaint based on . . . an affidavit post-deposition." Karl of Pasco argued that it was improper to allow amendment based on the affidavit because the affidavit repudiated Ms. Faber's prior deposition testimony. Ms. Faber, on the other hand, contended that the affidavit did not contradict her prior testimony but instead explained her previous assumptions in light of the deposition testimony of Ms. Karl and Mr. Gidaro. The trial court stated that its position had not changed since the April 2014 hearing and that under the facts and circumstances of the case amendment would be futile, clarifying that in previously finding the proposed amendment to be too

attenuated it meant that the proposed amendment was futile. The trial court entered a final summary judgment dismissing Ms. Faber's claims with prejudice and denying leave to amend.

Ms. Faber argues that the trial court abused its discretion in denying her leave to amend the complaint. As this court previously stated, "refusal to allow amendment constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile." Grover, 164 So. 3d at 1287 (quoting Yun Enters., Ltd. v. Graziani, 840 So. 2d 420, 423 (Fla. 5th DCA 2003)). However, "[i]t has long been the rule that a party may not file an affidavit directly contradicting the party's sworn testimony in order to avoid the entry of a summary judgment." Stanford v. CSX Transp., Inc., 637 So. 2d 37, 38 (Fla. 2d DCA 1994). And because a party may not "tak[e] a position contrary to the one that he or she has taken in prior sworn testimony," it follows that a party's amended complaint is futile where it alleges a version of events that is contrary to the party's prior sworn testimony. See Spatz v. Embassy Home Care, Inc., 9 So. 3d 697, 698-99 (Fla. 4th DCA 2009) (holding that "any amendment to the complaint to allege" a new version of events "would be futile because the plaintiff would be confronted with her own deposition testimony, wherein she plainly asserted" a contradictory version of events (citing Stanford, 637 So. 2d at 38)). "Nonetheless, '[a] party may file a[n] . . . affidavit for the purpose of explaining testimony given at a prior deposition, provided the explanation is credible and not inconsistent with the previous sworn testimony . . . .' " Ouellette v. Patel, 967 So. 2d 1078, 1082-83 (Fla. 2d DCA 2007) (quoting Jordan v. State Farm Ins. Co., 515 So. 2d 1317, 1319 (Fla. 2d DCA

- 4 -

1987)).  Thus, even though Ms. Faber's amended complaint alleges a version of events that differs from the version presented in her deposition, Ms. Faber's supporting affidavit appropriately explains or clarifies her prior deposition testimony in light of the deposition testimony of Ms. Karl and Mr. Gidaro, making the filings reconcilable.

Ms. Faber initially testified during her deposition that while Ms. Karl was attempting to break up the bar fight, Ms. Karl was pushed into Ms. Faber causing the two to fall.  In her affidavit, Ms. Faber clarified that she had assumed that Ms. Karl was pushed into her by a third party though she did not actually see anyone push Ms. Karl into her.  She now believed, based on the deposition testimony of Ms. Karl and Mr. Gidaro, that Ms. Karl grabbed her and pulled her into the bar, causing their feet to entangle, resulting in them both falling.  Ms. Faber's affidavit did not contradict her prior deposition; rather, she clarified her earlier assumption regarding the chain of events leading to her alleged injuries based on additional facts that came to light during the depositions of Ms. Karl and Mr. Gidaro.  Cf. Ouellette, 967 So. 2d at 1083 ("[T]he views expressed by Dr. Kovacs in his affidavit were not inconsistent with his prior deposition testimony.  Instead, they merely explained and elaborated on the deposition testimony in light of additional facts.  Thus Dr. Kovacs' affidavit did not 'baldly repudiate' his prior deposition testimony.").  As such, the trial court abused its discretion in determining that amending the complaint to allege this new version of events would be futile.[2]

_____

[2]We also note that while the court declined Ms. Faber's request to clarify whether it was expressly finding that she could not state a viable cause of action based on the record, the court did indicate that it would be appropriate for Ms. Faber to initiate a new lawsuit based on the amended claims.  Where "the record indicates that the plaintiff may have a cause of action," the appropriate action is to grant the plaintiff leave to amend the complaint accordingly.  Hervey v. Alfonso, 650 So. 2d 644, 647 (Fla. 2d DCA 1995); see also Armiger v. Associated Outdoor Clubs, Inc., 48 So. 3d 864, 869

Ms. Faber also asserts that the trial court erred in granting final summary judgment. The entry of summary judgment resulted from the court's erroneous ruling on the motion for leave to amend. Therefore, we reverse the order granting final summary judgment and denying the motion for leave to amend and remand for entry of an order granting Ms. Faber leave to file her proposed amended complaint. See Armiger v. Associated Outdoor Clubs, Inc., 48 So. 3d 864, 877 (Fla. 2d DCA 2010).

Reversed and remanded.

KELLY and WALLACE, JJ., Concur.

---

(Fla. 2d DCA 2010) ("Florida Rule of Civil Procedure 1.190(a) provides, in pertinent part, that '[l]eave of court [to amend pleadings] shall be given freely when justice so requires.' In accordance with the rule, the Florida courts follow a liberal policy with regard to the amendment of pleadings so that claims may be determined on their merits.").