74 So.2d 680 (1954)
Dorothy ELLISON, a minor by her next friend and natural guardian, Robert Ellison, her father, and Robert Ellison, in his own right, Appellants,
v.
Johnson ANDERSON, Appellee.
Supreme Court of Florida. Special Division A.
September 24, 1954.
Palermo & Connelly, Miami, and John A. Madigan, Jr., for appellants.
C. Clyde Atkins and Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, for appellee.
MURPHREE, Associate Justice.
Appellant, who was a paying passenger in a jitney bus owned by appellee, was injured when the bus collided with another vehicle at a street intersection in the City of Miami. She filed suit for her injuries in December of 1950.
In March of 1951 appellant gave her deposition in which she practically absolved the bus driver of negligence. She testified that the bus entered the intersection on the green light while the other vehicle entered from the left on the red. That the bus driver turned to his right in an effort to avoid the collision, but, nevertheless, ran into the side of the other vehicle near the center of the intersection. Appellant, however, would not attempt to gauge the speed of the bus, other than to indicate her opinion that it was not going too fast.
In January, 1953, appellee filed a Motion for Summary Judgment, relying upon appellant's deposition and the affidavits of two other passengers on the bus. In substance, the affidavits asserted that the bus had the green light and the other vehicle ran the red, and that the bus driver's view of the other vehicle as it approached the intersection was impeded by a building near the corner. In opposition to the Motion, appellant produced her own affidavit and an affidavit by the driver of the *681 other vehicle involved in the accident. Appellant's affidavit sought to repudiate a portion of her previous deposition, by alleging that the bus driver did nothing to avoid the accident. The affidavit of the other driver, however, fixed the speed of the bus at 25 to 30 miles per hour, and attempted to lay the onus of running the red light on the driver of the bus.
The lower court observed that there was no genuine issue between the parties as to any material fact and entered Summary Judgment in favor of the appellee.
We agree with the lower Court that a party when met by a Motion for Summary Judgment should not be permitted by his own affidavit, or by that of another, to baldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy. We cannot agree, however, that the affidavit of the driver of the other vehicle failed to raise a genuine issue as to a material fact; namely, the matter of speed of the bus under the existing circumstances.
It must be borne in mind that the relationship of the parties was that of common carrier and passenger, so appellee owed to appellant the highest degree of care for her safety in the operation of the bus. If, therefore, the driver of the bus was guilty of any negligence which proximately contributed to the cause of the accident, appellant would be entitled to recover in this action.
From the affidavits filed it appears that the bus driver's view of the other vehicle as it approached the intersection was obscured by a building on the left-hand corner, and that the bus could have been travelling at the rate of 30 miles per hour at the time of impact  an unlawful rate of speed at that location, F.S. § 317.22, F.S.A. The bus ran into the side of the other vehicle. There being an utter absence at this juncture of the case of any expression by the bus driver, or explanation for his silence, it is fair to assume that he relied upon the green light and took no notice of the approach of the other vehicle until too late to avoid the collision.
It would be difficult to find a factual situation more nearly parallel to that in Yost v. Miami Transit Co., Fla., 66 So.2d 214, wherein we held that the case was for the jury and not the Court, upon a motion for Summary Judgment. The Yost case is controlling here.
Reversed for a trial by jury.
TERRELL, Acting C.J., and THOMAS and MATHEWS, JJ., concur.