515 So.2d 1317 (1987)
Amos JORDAN, Appellant,
v.
STATE FARM INSURANCE COMPANY, Larry Dean Panchot, and Shirley Fischer, Appellees.
No. 86-3150.
District Court of Appeal of Florida, Second District.
November 13, 1987.
Rick G. Bannon of Chambers & Salzman, P.A., St. Petersburg, for appellant.
Joseph S. Silver of McKendree & Somers, Tampa, for appellees, State Farm Ins. and Shirley Fischer.
HALL, Judge.
Amos Jordan appeals from the final order granting the appellees', Shirley Fischer and State Farm Mutual Automobile Insurance Company's, motion to strike his affidavit and motion for summary judgment. We affirm.
On November 14, 1979, Jordan was a passenger in a motor vehicle driven by Larry Panchot when Panchot's vehicle struck the vehicle in front of it, driven by Fischer. As a result of the accident Jordan suffered severe personal injuries.
Jordan filed a complaint for damages naming as defendants Panchot and Fischer and joining State Farm as the insurer of Fischer.
Fischer and State Farm answered the complaint, denying the allegation of negligence and alleging imputed negligence of Panchot as an affirmative defense to Jordan's cause of action.
Fischer was deposed and testified that she "proceeded with the flow of traffic for a half a block from the light" and that when she went through the intersection she put on her blinker light and came to a complete stop because of the northbound traffic, and that she "waited a minute, and *1318 all of a sudden ... [she] heard a screech of brakes, and ... was hit from behind." She further testified that her car had an automatic transmission and that she had to keep her foot on the brake to keep the car stopped.
The investigating officer testified in his deposition that he had checked the brake and signal lights and they both worked.
Jordan was deposed on April 23, 1985, at which time he testified that he noticed a new station wagon stopped at the red light in front of Panchot's vehicle on 16th Street at Ninth Avenue. Jordan was asked, "As you approached the intersection at 16th and Ninth and her station wagon was stopped at the red light as you testified, did her vehicle have brake lights on or not?" Jordan responded: "Yeah." The deposition continued as follows:
Q Okay. So her brake lights worked?
A Yeah.
Q When she stopped about 100 feet south of the light, were her brake lights on?
A I couldn't answer that definite.
Jordan's deposition testimony further described the accident as follows:
Q How did the accident happen?
A The light changed  we're going south. The light changed. She pulled away from the intersection. There's a convenience store on the left-hand side, some kind of insurance company. They were so close to the, she gave me an indication she didn't know whether she wanted, she was lost, to turn into the convenience store or the other. She came to a complete stop. Didn't see any turn signals or nothing. Just pulled away from the red light and stopped. I don't believe it was 100, I don't believe it was 100 feet.
... .
Q And she was going to, you thought she was going to go into one of them?
A She gave me the indication she was lost, she didn't know which one she was going to turn in. She just stopped.
Q Okay. Was her car at a dead stop when it was struck by the truck.
A Yeah.
... .
Q Okay. Do you know if she had a left turn signal on?
A I didn't see no light.
Q Did you see a light or do you know one way or another whether or not she had her left turn signal on?
A I'm pretty well sure she didn't have no signal on.
Q You don't remember seeing a signal?
A I didn't see no light.
Fischer and State Farm filed a motion for final summary judgment as to Fischer's negligence. Jordan filed an affidavit in opposition to the motion. In the affidavit Jordan stated that Fischer proceeded approximately one hundred and eighty feet past the red light, when she suddenly and unexpectedly, without prior notice or warning, came to a complete stop. He further stated that at no time prior to the rear-end collision did he see any turn signals or other indication that Fischer intended to stop. This affidavit was filed approximately six months after Jordan's deposition was taken.
Fischer and State Farm moved to strike Jordan's affidavit, alleging that it contradicted his prior deposition testimony and was filed solely to avoid summary judgment.
The trial court granted the motion to strike and the motion for final summary judgment in favor of Fischer and State Farm. In its final order, the court stated:
The Court has reviewed the court file and all affidavits and depositions and finds that the aforesaid affidavit contradicts his [Jordan's] prior sworn testimony and as such should be stricken.
The court further finds that, as a matter of law, the defendants, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and SHIRLEY *1319 M. FISCHER, are entitled to a final summary judgment as they are without negligence as regards the plaintiff herein.
On appeal Jordan argues that the affidavit was not contrary to his deposition, that it merely elaborated and expounded on the events leading up to the collision, and that, even if the affidavit were properly stricken, there remains a question of fact as to the negligence of Fischer. Therefore, the trial court erred in striking the affidavit and granting the summary judgment.
We find no error in the trial court's ruling. A close examination of the record reveals that Jordan was aware for some one hundred to one hundered and eighty feet that Fischer was lost and about to make a turn or stop, that Fischer's vehicle was at a complete stop when the vehicle in which Jordan was riding rear-ended it, that Jordan and the driver knew Fischer's vehicle was stopped, and that Jordan could not dispute that the brake lights of Fischer's vehicle were on at the time the vehicle was rear-ended.
In Jordan's deposition he testified that the brake lights of Fischer's vehicle were on when the vehicle was stopped at the red light, that he was aware for one hundred feet that Fischer was lost and did not know into which business she was going to turn, that the accident occurred one hundred feet from the red light, and that he could not definitely say whether the Fischer vehicle's brake lights were on when the vehicle was rear-ended. By contrast, in his affidavit Jordan stated that the accident occurred one hundred and eighty feet past the red light and that Fischer's vehicle suddenly and unexpectedly, without prior notice or warning, came to a complete stop. Jordan further stated that he did not see any turn signals or other indication that Fischer intended to stop.
A party may file a subsequent affidavit for the purpose of explaining testimony given at a prior deposition, provided the explanation is credible and not inconsistent with the previous sworn testimony, even though it creates a jury issue on the opponent's motion for summary judgment. Willage v. Law Offices of Wallace & Breslow, P.A., 415 So.2d 767 (Fla. 3d DCA 1982). However, when a party is met by a motion for summary judgment, he will not be permitted by his own affidavit to baldly repudiate his previous deposition testimony so as to create a jury issue. See Ellison v. Anderson, 74 So.2d 680 (Fla. 1954).
In examining Jordan's affidavit together with his deposition, it is evident that the statements in the affidavit contradict the testimony in the deposition and that the trial court was correct in striking the affidavit, as well as in finding no negligence on the part of Fischer.
Affirmed.
BOARDMAN, EDWARD F., (Ret.) J., concurs.
CAMPBELL, A.C.J., dissents with opinion.
CAMPBELL, Acting Chief Judge, dissenting.
I respectfully dissent. I cannot read appellant's affidavit as "badly repudiating" his previous deposition testimony as is contemplated by Ellison v. Anderson, 74 So.2d 680 (Fla. 1954), so as to warrant striking his affidavit. Neither do I believe entry of summary judgment was proper. Even without appellant's affidavit, his deposition raises an issue of fact as to whether or not Fischer's turn signals were on. If the turn signals were not on and Fischer was intending to make a turn, that would be a statutory violation and at least evidence of some degree of negligence. In view of our state's rule of comparative negligence I believe that prevents summary judgment. I would reverse the order striking appellant's affidavit and the summary judgment.