632 So.2d 1144 (1994)
Mildred ARNOLD, Appellant,
v.
DOLLAR GENERAL CORPORATION, etc., et al., Appellees.
No. 93-731.
District Court of Appeal of Florida, Fifth District.
March 11, 1994.
*1145 Brian D. Stokes of Bogin, Munns & Munns, Orlando, for appellant.
Shelley H. Leinicke and Ila J. Klion of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee Dollar General Stores, Inc.
No appearance for appellee Joanne Fechtel.
W. SHARP, Judge.
Arnold appeals from a final summary judgment entered against her in favor of Dollar General Corporation, the defendant below. Arnold sued Dollar General for personal injuries she received when she tripped and fell on the sidewalk, after leaving the store. The trial judge granted summary judgment in favor of Dollar General on the ground that the depositions given by Arnold and her daughter, Crowell, contradicted their affidavits filed in opposition to the summary judgment motion. It also refused to give any credence to an affidavit filed by Melody, Arnold's eleven-year-old granddaughter. We reverse.
The deposition of Arnold is not as clear and emphatic as her later-filed affidavit, but we cannot say it is "blatantly" or "baldly" contradictory, either. See Ellison v. Anderson, 74 So.2d 680 (Fla. 1954); Cary v. Keene Corp., 472 So.2d 851 (Fla. 1st DCA), rev. denied, 480 So.2d 1294 (Fla. 1985). In her deposition, Arnold testified she did not know what caused her to trip and fall outside the Dollar Store. She could not remember the circumstances of her fall. She said she fell on the sidewalk, shortly after leaving the entrance door to the store.
She also testified she noticed, before she and her daughter and granddaughter went into the store, it was "dirty" near the entrance. She saw trash people had thrown down out there. She remembered seeing paper cups and an old potato chip bag. When they went into the store, they mentioned to the employees inside how dirty it was.
Arnold later filed an affidavit in opposition to the summary judgment in which she alleged she had seen a lot of trash and debris on the sidewalk in front of the entrance to the store. They told the store clerks about it. They were in the store about thirty-five minutes. She left to go outside to wait for her daughter. She fell because her feet got hung up on or tangled in the trash and debris on the sidewalk.
Arnold's granddaughter Melody also filed an affidavit stating the same facts. She had seen the trash outside the store. Her mother told the clerk about it. She left the store first and waited outside. She saw her grandmother come out of the store, step down onto the sidewalk, and fall. Melody said Arnold fell because her feet got hung-up or tangled in the trash or debris, "specifically, a cup or potato chip bag lying there on the sidewalk."
It is well established that a party to a lawsuit will not be allowed to repudiate his or her prior deposition testimony by an affidavit executed by that party or by another person, in order to avoid a summary judgment. Ellison v. Anderson. Any such contradiction must be given a credible explanation in the affidavit, or in the record itself. Cary v. Keene; Jordan v. State Farm Mutual Insurance Co., 515 So.2d 1317 (Fla. 2d DCA 1987).
In this case, Arnold's affidavit does not "blatantly" contradict her deposition testimony. A reading of the deposition indicates Arnold is sixty-four years old, and has had memory problems since she was in a nearly fatal automobile accident in May of 1991, two months prior to her fall in this case. At the time of the deposition, she could not recall why she fell or anything about her fall. But she did testify in the deposition there was trash on the sidewalk *1146 outside the store and that she or her daughter had complained about it.
As in the Ellison case, the plaintiff (Arnold) professed a lack of knowledge in her deposition about facts which could have contributed to her injuries. In Ellison, the plaintiff, a passenger on a bus, said she did not know how fast the bus was going, but it was not "too fast." The court held that an affidavit executed by an eyewitness that the bus was exceeding the speed limit, created an issue of fact, and that a summary judgment in favor of the bus owner should be reversed.
Similarly, in Cary, the plaintiff testified in his deposition he did not recall what asbestos products the defendant Keene Corporation manufactured that he had used in his job. Keene Corporation moved for summary judgment in its favor on the ground the plaintiff could not prove it was liable for the plaintiff's injuries due to use of its asbestos products. In opposition to the summary judgment, Cary filed an affidavit listing Keene's products he had used. He also filed a memorandum of law to explain that after the deposition, he carefully reviewed a list of Keene's products and was able to recall and identify ones he had used. The court reversed a summary judgment in Keene's favor.
Although Arnold has filed no memorandum of law to explain why she now recalls tripping on the trash outside the Dollar General, the contradiction between her affidavit and deposition are not that blatant or bald. Hers is more a sin of omission than commission. She could not then recall why she fell. However, she did explain she had been in a serious automobile accident two months before the fall at the Dollar Store, which damaged her memory, and she apparently suffered further impairment after the fall.
This is a close case. However, it is this state's policy to favor resolution of disputes on the merits rather than by battle of affidavits and depositions.[1] We think this case was improperly disposed of by summary judgment.
REVERSED and REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Haynes v. Littleford, 173 So.2d 477, 479 (Fla. 2d DCA 1965); Harrison v. American Fire & Casualty Co., 163 So.2d 324, 327 (Fla. 2d DCA 1964); Forston v. Atlantic Engineering & Manufacturing Corp., 143 So.2d 364, 368 (Fla. 2d DCA 1962); Nance v. Ball, 134 So.2d 35, 37 (Fla. 2d DCA 1961).