842 So.2d 303 (2003)
Wyman LAWRENCE, Appellant,
v.
PEP BOYS-MANNY MOE & JACK, INC., Appellee.
No. 5D02-1057.
District Court of Appeal of Florida, Fifth District.
April 17, 2003.
*304 Raymond A. Haas, Paul L. Kutcher, Carol L. Castleberry, and Christopher B. Clark of Haas, Dutton, Capito, Blackburn, Lewis & Longley, Tampa, for Appellant.
Kendall B. Rigdon, Maria B. Vazquez, Rigdon, Alexander & Rigdon, L.L.P., Orlando, for Appellee.
MONACO, J.
Wyman Lawrence, appeals the final summary judgment rendered in favor of the appellee, Pep Boys-Manny Moe & Jack, Inc. ("Pep Boys"), in this trip-and-fall case brought by Mr. Lawrence. Because the trial court erroneously failed to consider an affidavit filed by Mr. Lawrence when it granted the summary judgment, we reverse.
Summary judgments are reviewed de novo by an appellate court. See Volusia County v. Aberdeen of Ormond Beach, L.P., 760 So.2d 126 (Fla.2000); Scheibe v. Bank of America, N.A., 822 So.2d 575 (Fla. 5th DCA 2002). The standards to be used in the review of a summary judgment are familiar. In order to determine the propriety of a summary judgment, an appellate court must resolve whether there is any "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). Generally, the moving party has the burden *305 to prove conclusively the nonexistence of any genuine issue of material fact. City of Cocoa v. Leffler, 762 So.2d 1052, 1055 (Fla. 5th DCA 2000)(citing Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966)). Accordingly, we must view the evidence contained in the record, including any properly asserted supporting affidavits, in the light most favorable to the non-moving party, and if the slightest doubt exists, the summary judgment must be reversed. See Scheibe.
Mr. Lawrence allegedly tripped on the grounds of a Pep Boys store, and was injured. During his deposition Mr. Lawrence testified that he did not know if he would have noticed the configuration of the depressed and uneven area of the parking lot where he tripped if he had looked at it while walking. His response was not pursued. He did testify, however, that there were no cars or objects blocking the area of concern from his vision. Thereafter, Pep Boys filed its motion for summary judgment.
A few days before the hearing on the motion Mr. Lawrence filed an affidavit attaching a number of photographs that had been discussed in an earlier deposition of another person, and which were taken of the critical area a few days after the incident at the same time of day. In his affidavit Mr. Lawrence asserted that the late afternoon shadows cast by nearby buildings made it difficult to see the faulty area of the parking lot where he tripped.
At the hearing on the motion for summary judgment the trial court granted Pep Boys' motion to strike the affidavit, concluding that it was contradictory to the previously given deposition testimony. A review of the deposition testimony and of the affidavit demonstrates, however, that the affidavit did not contradict the deposition.
It is well established that a litigant when confronted with an adverse motion for summary judgment, may not contradict or disavow prior sworn testimony with new and starkly different sworn affidavit testimony, solely to avoid summary judgment. See Ellison v. Anderson, 74 So.2d 680 (Fla.1954); Ondo v. F. Gary Gieseke, P.A., 697 So.2d 921 (Fla. 4th DCA 1997), rev. denied, 707 So.2d 1126 (1998); Arnold v. Dollar General Corp., 632 So.2d 1144 (Fla. 5th DCA 1994). More specifically, the supreme court held in Ellison that:
[W]hen met by a Motion for Summary Judgment [a litigant] should not be permitted by his own affidavit, or by that of another, to baldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy.
74 So.2d at 681.
In the present case we cannot say that the affidavit of Mr. Lawrence "baldly" contradicted his earlier deposition testimony. He was never asked about shadows, or specific lighting conditions, and nothing that he said in his deposition is in direct or blatant contradiction to the affidavit. He was only asked if he could have seen the area that he asserts caused him to trip if he had looked, and he responded that he did not know. His response did no more than explain from Mr. Lawrence's perspective why he was unable to answer this question. Moreover, the photographs associated with the affidavit were part of the earlier discovery in the case, and were not suddenly or unexpectedly produced at the summary judgment hearing. Finally, if the affidavit had been considered by the trial judge, it would have presented a factual issue that would have precluded summary judgment.
We arrive at this result because it appears that the trial court granted the summary judgment when it determined that the defective condition in the parking *306 lot where Lawrence allegedly tripped was "open and obvious" as that term is used in Gorin v. City of St. Augustine, 595 So.2d 1062 (Fla. 5th DCA), rev. denied, 604 So.2d 486 (Fla.1992), and Circle K Convenience Stores, Inc. v. Ferguson, 556 So.2d 1207 (Fla. 5th DCA 1990). We conclude, however, that a genuine dispute exists with respect to whether the purported dangerous condition was open and obvious, particularly when the affidavit of Lawrence is factored into the equation. See Johnson v. Circle K Corporation, 734 So.2d 536 (Fla. 1st DCA 1999). We are likewise unable to tell from the record, as supplemented by the affidavit, whether the landowner discharged its duty to maintain its property in a reasonably safe condition. See Krol v. City of Orlando, 778 So.2d 490 (Fla. 5th DCA 2001); Hogan v. Chupka, 579 So.2d 395 (Fla. 3d DCA 1991). These issues will require resolution by a jury.
REVERSED and REMANDED.
SAWAYA, J. and LAMBERT, B., Associate Judge, concur.