PLEUS, C.J.
We reverse the final summary judgment entered in favor of the appellees on the appellant’s claim for fraud and conspiracy arising out of the repair of his motor vehicle’s air conditioning system.
The appellees, as movants for summary judgment, had the burden of proving conclusively the non-existence of any genuine issue of material fact. Lawrence v. Pep Boys Manny Moe & Jack, Inc., 842 So.2d 303 (Fla. 5th DCA 2003). The evidence and affidavits are required to be examined in a light most favorable to the non-movant and if the slightest doubt exists, summary *1120 judgment is improper. Id. As explained in Chhabra v. Morales, 906 So.2d 1261 (Fla. 4th DCA 2005), if the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the trier of fact.
In the appellant’s supplemental affidavit, he averred that he inspected the parts removed from his vehicle by an independent repair shop and personally compared the dimensions of the removed parts to the dimensions of the parts which the ap-pellees averred they had purchased and installed in repairing his vehicle. The dimensions differed and the appellant maintains this creates a material issue of fact as to whether the appellees had in fact replaced the parts.
The appellees’ challenge to this supplemental affidavit, that it did not constitute admissible evidence because the appellant did not adequately allege that the parts he measured were in fact those removed from his vehicle, is without merit. The appellant stated in his supplemental affidavit that he had requested that the parts removed from his automobile be delivered to him and he confirmed in his deposition that he had the parts which were removed from his vehicle.
The disparity in the dimensions of these parts creates an inference that the parts asserted to have been installed by the appellees were not in fact installed. The appellees as movants for summary judgment failed to prove conclusively the absence of any genuine issue of material fact and therefore summary judgment was improvidently entered.
REVERSED AND REMANDED.
SAWAYA and MONACO, JJ., concur.