ROTHENBERG, J.
 

 In this petition, United Automobile Insurance Company (“United”) petitions for a writ of certiorari, pursuant to Article V, section 4(b) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(2)(B), to quash a decision of the circuit court appellate division affirming summary judgment in favor of Hicham Seffar. On second-tier certiorari review, we grant the petition, issue the writ, and quash the decision of the circuit court on the grounds that the circuit court departed from the essential requirements of law in affirming the lower court’s decision to strike an affidavit filed by United.
 
 All
 
 
 *380
 

 state Ins. Co. v. Kaklamanos,
 
 843 So.2d 885 (Fla.2003).
 

 Seffar sued United for personal injury protection benefits and moved for summary judgment, contending that he should be compensated for treatment he received because it was reasonable, related and necessary. In support of his motion, Seffar filed an affidavit from his treating physician, Dr. Jorge M. Cabrera. United filed two affidavits from Dr. Peter Millheiser in response: the first was an independent medical examination (IME) of Seffar; and the second was a peer review of Seffar’s examination and treatment records performed one month later. For the IME, Dr. Millheiser examined Seffar’s physical condition; he did not review treatment records. He noted that Seffar’s “complaints and treatment are causally related to this accident,” and he concluded that no further treatment or diagnostic testing would be reasonable, related, or medically necessary. He also averred:
 

 I have not reviewed any medical records on this examinee. If there is any further material available on this examinee, I would be happy to review these records .... If more information related to this case becomes available at a later date, an additional report may be requested. Such information may or may not change the opinions rendered in this evaluation.
 

 For the subsequent peer review, Dr. Mill-heiser received Seffar’s treatment records and reviewed them. He then concluded that much of Seffar’s treatment predating the IME was unreasonable, unrelated and medically unnecessary. Dr. Millheiser averred:
 

 Following a thorough review of the therapy notes, including the history and alleged complaints of the patient, it was concluded that more than 3 office visits would not be reasonable, related or medically necessary. In addition, the patient did not have any conditions or complaints consistent with a herniated disc. The use of the MRI did nothing to change the diagnosis or change the course of the treatment. I concluded that the Spinal MRI testing was unreasonable, unrelated and medically unnecessary to the subject accident.
 

 Seffar’s trial counsel argued that the peer review conflicted with the earlier IME and should be struck as a violation of
 
 Ellison v. Anderson,
 
 74 So.2d 680, 681 (Fla.1954) (holding that “a party when met by a Motion for Summary Judgment should not be permitted by his own affidavit, or by that of another, to baldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy”). The county court agreed and granted Seffar’s motion for summary judgment. The circuit court appellate division affirmed the county court’s ruling. This petition followed.
 

 A petition for second-tier certio-rari review may be granted “where the lower court did not afford procedural due process or departed from the essential requirements of law.”
 
 Kaklamanos,
 
 843 So.2d at 889. Relief may only be granted when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. A lower courts failure to follow the correct law must constitute “something more than a simple legal error.”
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 682 (Fla.2000).
 

 The issue before us is whether the circuit court departed from a clearly established principle of law in affirming the lower court’s decision to strike Dr. Mill-heiser’s second affidavit pursuant to
 
 Ellison
 
 and grant summary judgment in favor of Seffar. In
 
 Ellison,
 
 a woman who was
 
 *381
 
 injured in a bus accident sued for personal injuries and gave a deposition “in which she practically absolved the bus driver of negligence.” 74 So.2d at 680. More than two years later, when the opposing party filed a motion for summary judgment, the woman produced a second affidavit, which “sought to repudiate a portion of her previous deposition, by alleging that the bus driver did nothing to avoid the accident.”
 
 Id.
 
 at 680-81. The Florida Supreme Court held that a party “should not be permitted by his own affidavit, or by that of another, to baldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy.”
 

 In the instant action, Dr. Millheiser’s first affidavit averred that his analysis was incomplete because he had not reviewed Seffar’s previous medical records, and he specifically suggested that a second affidavit may contain information that could alter his opinion: “If more information related to this case becomes available at a later date, ... [s]uch information may or may not change the opinions rendered in this evaluation.” Thus, any discrepancy in the second affidavit, which was produced by Dr. Millheiser following his review of Sef-far’s medical records, cannot be considered a bald repudiation in violation of
 
 Ellison.
 
 We therefore conclude that the circuit court appellate division departed from clearly established law in affirming the final summary judgment in favor of Seffar. Accordingly, we grant the petition for writ of certiorari and quash the decision below.
 

 Petition granted.