SUAREZ, J.
The Siguenzas appeal the entry of final summary judgment in favor of Citizens Property Insurance in their breach of contract action. We conclude a material question of fact existed regarding notice of the alleged loss and accordingly reverse the order.
The appellant insureds, Mr. and Mrs. Siguenza, claim Hurricane Wilma damaged their residence in October 2005. At that time, the residence was insured under a homeowner’s policy issued by Citizens. The insureds claim to have given notice of *1126 the loss to the producer of the policy within two to four months of the loss. Citizens, however, alleges it received no notice of the alleged loss until the insureds’ public adjuster filed a claim in January 2009. Thereafter, Citizens inspected the premises but denied the claim based on the insureds’ failure to submit supporting documentation. The insureds later submitted documentation but Citizens maintained its denial, advising the documents were insufficient to determine what damages, if any, were caused by Hurricane Wilma. The insureds then filed the present suit for breach of contract. After limited discovery, Citizens filed a Motion for Final Summary Judgment, which the trial court granted. Although the trial court’s order is not detailed, it would appear from the hearing transcript that it determined the insureds did not give notice until January 2009, and that this late notice prejudiced Citizens.
The subject insurance policy requires the insureds to give “prompt notice to [Citizens], or [their] producer,” of any claim for damages. At deposition, Mrs. Siguenza claimed to have given notice two to four months after the loss. She testified that she reported the loss two times by phone to Citizens Insurance and the representatives she talked to both stated they would get back to her but never did. In support of its summary judgment motion, Citizens submitted an affidavit refuting Mrs. Siguenza’s testimony that she gave notice directly to the insurance company. The affidavit states Citizens has no record of telephonic contact from the Si-guenzas between the date of Hurricane Wilma and the date the public adjuster filed the claim in January 2009. In response, Mrs. Siguenza filed an affidavit stating she gave notice to the insurance agent that sold her the policy (i.e., producer).
At first glance, there would appear to be a contradiction between Mrs. Siguenza’s deposition testimony and her affidavit filed in opposition to Citizens’ Motion for Summary Judgment that would permit the trial judge to reject the affidavit and rely on the deposition testimony. See, e.g., Ellison v. Anderson, 74 So.2d 680, 681 (Fla.1954) (“[A] party when met by a Motion for Summary Judgment should not be permitted by his own affidavit ... to baldly repudiate his previous deposition so as to create a jury issue.... ”). The problem for purposes of summary judgment is that although Mrs. Siguenza stated during deposition that she notified the insurance company, it is clear on the face of the transcript that she considered the insurance company and the insurance agent to be the same entity.[1] Therefore, her subsequent affidavit alleging she notified the agent, rather than the insurance company, did not necessarily contradict her previous testimony. The policy allows for the insured to notify either Citizens or the producer. We make no determination whether Mrs. Siguenza did or did not report the claim as she testified. Rather, we only determine her sworn allegations that she notified her insurance agent of the loss within two to four months created a question of material fact on the issue of notice that precluded the entry of summary judgment.[2] See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (“If the evidence raises *1127 any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.”).
Accordingly, we reverse the final summary judgment and remand for further proceedings.
SALTER, J., concurs.

. Q. Do you recall if you called the actual insurance company or your insurance agent, the person that you obtained insurance from?
A. That’s the insurance company.
(Fely Siguenza Dep. 24: 11-14, May 17, 2010.)

. For the purposes of this opinion, we need not address the merits of the issues Citizens raises regarding prejudice and the insureds’ alleged failure to comply with policy provisions.