PER CURIAM.
Marie Minor was injured when she fell through an unfinished attic floor on premises owned by her aunt, appellee Stevelyn Young. Minor, a party guest in Young’s home, had gone to the attic to retrieve an item for Minor’s grandmother. After taking only a few steps in the direction indicated by Young, Minor fell through the attic floor and landed on the garage floor below, injuring her ankle. Minor sued Young for negligently failing to maintain her premises in a reasonably safe condition and for failing to warn Minor of the dangerous condition.
We reverse the summary judgment rendered in favor of Young, concluding, based on the record before us, that disputed issues of fact remain unresolved as to whether Minor knew of the danger, whether the danger was open and obvious, and whether Young knew, or should have known, of the danger and breached the duty to maintain her premises in a reasonably safe condition and warn her invited guest of the danger before she entered the attic. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (“Summary judgments should be cautiously granted in negligence and malpractice suits.”); Ciolli v. City of Palm Bay, 59 So.3d 295, 297 (Fla. 5th DCA 2011) (“The party moving for summary judgment has the burden of proving the absence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law.”); Lomack v. Mamey, 14 So.3d 1090, 1092 (Fla. 1st DCA 2009) (“[A]n invitee’s knowledge of a danger is normally not a complete bar to recovery, but rather only triggers the application of comparative negligence principles.”); Aaron v. Palatka Mall, L.L.C., 908 So.2d 574, 577 (Fla. 5th DCA 2005) (“[T]he obvious danger doctrine does not apply when negligence is predicated on breach of the duty to maintain the premises in a reasonably safe condition.” (footnote omitted)); Lawrence v. Pep Boys Manny Moe & Jack, Inc., 842 So.2d 303, 305 (Fla. 5th DCA 2003) (“[W]e must view the evidence contained in the record, including any properly asserted supporting affidavits, in the light most favorable to the non-moving party, and if the slightest doubt exists, the summary judgment must be reversed.”). We remand this case to the trial court for further proceedings.
REVERSED and REMANDED.
SAWAYA, ORFINGER, and LAWSON, JJ., concur.