BILBREY, J.
Appellant Shaun Lesnik appeals the final summary judgment entered by the trial court upon the trial court’s finding no genuine dispute of material fact and that both Appellees, defendants below, were entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). 'As grounds for reversal, Mr. Lesnik challenges the trial *579 court’s striking of the affidavit of his expert witness, Alan Moore, P.E.,'filed after Mr. Moore’s deposition was taken and after the filing of the motions for summary judgment. In addition, Mr. Lesnik asserts that genuine issues of material fact precluded summary judgment for the defendants/Appellees.
The undisputed facts in the record are that on August 29, 2007, Appellee Duval Ford sold a new, 2008 Ford F-250 to the original owner, David Sweat. Prior to taking delivery of the truck, Mr. Sweat ordered a 6-inch lift kit, which was installed by a subcontractor of Duval Ford.[1] During his ownership of the truck, Mr. Sweat modified the suspension system with a leaf spring to increase the towing capacity, and replaced the tires. He drove the truck over 30,000 miles during the time he owned it, and never experienced any problem with the steering or suspension. On October 23, 2009, Mr. Sweat sold the vehicle through Larry Burkins, owner of Burkins Chevrolet, to plaintiff Shaun Lesnik. Prior to the sale, Burkins Chevrolet conducted a routine inspection of the truck which revealed no obvious issues.
After experiencing severe shaking in the truck’s steering on the evening of October 23, 2009, Mr. Lesnik had the truck repaired and made some additional modifications, including installing a tool box and fuel tank on the truck bed,' installing a steering stabilizer, and replacing the tires. Mr. Lesnik also installed a performance tuner which substantially increased the horsepower.-of the truck.
On December 16, 2009, as Mr. Lesnik was driving the truck, the steering and suspension suddenly failed, the truck flipped over, and Mr. Lesnik was severely injured in the single-vehicle accident.; The tires on the truck at the time of the accident were two inches larger in diameter than the truck specifications called for, but it was unclear from the evidence when this change occurred or which owner made this change to the size of the tires.
We review the trial court’s striking of the affidavit of an expert witness, in this case the affidavit of Mr. Moore, for abuse of discretion. “As with other evidentiary matters, the admission and consideration of affidavits is a matter within the sound discretion of the trial court....” Scott v. NCNB Nat’l Bank of Florida, 489 So.2d 221, 223 (Fla. 2d DCA 1986);, see also Martins v. PNC Bank, N.A., 170 So.3d 932, 937 (Fla. 6th D.CA 2015) (denial of motion to strike summary judgment affidavit was abuse of trial court’s discretion).
Mr. Moore’s deposition was taken on May 7, 2014." Along with his expert opinions on the technical and mechanical evidence in this case, Mr. Moore was asked if he had “any opinions with respect to the conduct of Burkins Chevrolet that you feel caused this apcident involving Mr. Les-nik?” Mr, Moore responde^, “No, I do not.” Mr. Moore was asked a similar question regarding Mr. Burkins individually, and he responded with the same answer. Mr. Moore also testified that he had no opinion on whether lifted trucks should be sold to the public and he had no opinion whether the truck was defective when Duval Ford sold it to. the original purchaser.
After Duval Ford and Burkins Chevrolet filed their motions for summary judgment, Mr. Lesnik filed an affidavit of Mr. Moore dated September 11, 2014. In this affidavit, Mr. Moore recited several *580 sources of information purportedly available to Burkins Chevrolet which Mr. Moore asserted provided the dealership with “trade knowledge” of the dangers of trucks with lift kits, modified suspension systems, oversized tires, and the effects of these modifications on vehicle warranties.[2] He further opined that the service records for the truck in this case were available and that excessive tire wear should have been Veadily apparent had Burkins Chevrolet inspected the truck prior to selling it to the plaintiff. Mr. Moore’s affidavit concluded that Burkins Chevrolet “had information available that indicated a suspension inspection should be performed, but did not do so” and that warning' the consumer, namely the plaintiff, could have prevented his “exposuré to the above risks” of thé Vehicle. Mr. Moore’s affidavit did not explain why he was riOw offering these opinions after previously testifying that he had no opinion as to the conduct of Burkins Chevrolet or Mr. Bur-kins which contributed to the accident.[3]
At the trial level, Mr. Lesnik’s counsel made no attempt to explain the difference between Mr. Moore’s deposition testimony that he had no opinion regarding the conduct of defendant Burkins Chevrolet or Mr. Burkins personally which might have caused the accident, and Moore’s subsequent affidavit indicating that Burkins Chevrolet failed to take actions which could have prevented the accident. Mr. Lesnik’s position was that no explanation was necessary because the later-prepared affidavit did not contradict Moore’s deposition testimony.[4]
Based on the precedent established by Ellison v. Anderson, 74 So.2d 680, 681 (Fla.1954) and subsequent cases, the trial court found Mr. Moore’s affidavit irreconcilably inconsistent with his earlier deposition testimony without any explanation for the inconsistency, and granted Burkins Chevrolet’s motion to strike Mr. Moore’s affidavit. Considering the timing and content of the deposition and affidavit at issue, we find no abuse of the trial court’s discretion in applying the rule set out in Ellison that “a litigant when confronted with an adverse motion for summary judgment, may not contradict or disavow prior sworn testimony with contradictory sworn affidavit. testimony.” Ondo v. F. Gary Gieseke, P.A., 697 So.2d 921, 923 (Fla. 4th DCA 1997) (citations omitted).[5]
Our review of the summary judgment itself is de novo, “to determine whether there are genuine issues of material fact and whether the trial court properly applied the correct rule of law.” *581 Futch v. Wal-Mart Stores, Inc., 988 So.2d 687, 690 (Fla. 1st DCA 2008). While various facts might be in dispute, the material facts depend upon the causes of action alleged in the pleadings, namely Mr. Lesnik’s third amended complaint, filed September 24, 2013. Mr. Lesnik sought damages .against Duval Ford on the legal theories of vicarious liability for the negligence of the subcontractor lift kit installer, direct negligence for selling the vehicle as modified and failing to warn, and strict liability for selling the vehicle as modified and failing to warn. To assert a claim for a defective product, whether the claim is for negligence or strict liability, a plaintiff must show “(1) that a defect was present in the product; (2) that it caused the injuries complained of; and (3) that it existed at the time the retailer or supplier parted possession with the product.” Cassisi v. Maytag Co., 396 So.2d 1140, 1143 (Fla. 1st DCA 1981).[6]
There was no evidence in the record that the lift kit was defective .or improperly installed by Duval Ford’s subcontractor or that it was inherently dangerous, eliminating any claim for vicarious liability against Duval Ford. The record contains no evidence of a design defect in the lifted truck when it was originally purchased from Duval Ford, eliminating any claim for negligence or strict liability against Duval Ford. Finally, Duval Ford had no duty to warn about the truck since there was no evidence that there was anything inherently dangerous about the truck when it was sold by Duval Ford. See Brito v. County of Palm Beach, 753 So.2d 109, 112 (Fla. 4th DCA 1998) (manufacturer has “a strict duty to warn of its product’s dangerous propensities only in those instances where the commodity is inherently dangerous”).
Also in the third amended complaint, Mr. Lesnik brought a claim of negligence against Burkins Chevrolet for failing to inspect the truck and failing to warn of the risk of lifted' vehicles. As to this claim, the record lacks any evidence that Burkins Chevrolet had a duty to inspect the vehicle for latent defects or that the lifted truck actually included any design defects. See Masker v. Smith, 405 So.2d 432, 434 (Fla. 5th DCA 1981) (seller of used goods is not responsible for discovering latent defects). The undisputed evidence showed that Mr. Lesnik was well aware that the truck was lifted, and in fact this modification was a factor in his decision to purchase the truck. Furthermore, the evidence was undisputed that Burkins Chevrolet was unaware of any latent defects. Burkins Chevrolet looked for patent defects in its inspection and found none. Finally, with Mr. Moore’s affidavit stricken, there is no evidence that Burkins Chevrolet had á duty to Warn Mr. Lesnik of any defect.
In Ught of the foregoing, the trial court’s final summary judgment for Duval Ford and Burkins Chevrolet is affirmed.
-AFFIRMED.
SWANSON, J., concurs, and MAKAR, J., concurs in part and dissents in part with written opinion.

. The installer of the lift kit was also a defendant before the trial court, but is not a party to this appeal.

. Mr. Moore previously- discussed at least one of these sources in. his deposition, an April 2009 dealer letter,

. Mr. Lesnik also filed a separate affidavit of Mr. Moore with regard to Duval Ford. Duval Ford did not move to strike that affidavit, but that affidavit did not assert any new material facts as to preclude the grant of summary judgment against Duval Ford.

. We disagree. ' The dissent-asserts that Mr, Moore’s initial lack .of an opinion is not contradicted by the presence of a subsequent opinion However, we believe, "I have no opinion” contradicts any opinion given. "[A]ll contraries are reducible to being and non-being,” -Aristotle, - Metaphysics IV-2, 3004b, trans, Ross. Consider a lay witness asked in a deposition the color of traffic light and stating, “I don’t know” or "I can’t say.” If that witness intended to testify later that the light was red, yellow, or green, that would contract the witness’ earlier testimony,

. To adopt a contrary view and allow Mi’, Moore — -without explanation — to first answer .‘‘no opinion" and then wait to offer an opinion in opposition until after Burkins Chevrolet’s motion for summary judgment would defeat the purpose of discovery in civil cases and create an easily exploitable way around Ellison.

. In addition, a manufacturer is .not held strictly liable in a products liability action where the product has been "substantially altered" by the time a plaintiff is injured" by the product. High v. Westinghouse Elec. Corp., 610 So.2d 1259, 1262 (Fla.1992); Rodriguez v. Nat’l Detroit, Inc., 857 So.2d 199, 201 (Fla. 3d DCA 2003). The trial court found that the truck had been substantially altered." We do not need to reach that issue to affirm the summary judgment.