MAKAR, J.,
concurring in part, dissenting in part with opinion.
At the risk of offending Aristotle, I disagree that an expert who has no opinion on *582 a disputed matter when deposed, but later expresses one in an affidavit, has thereby offered “contradictory” opinions that warrant striking his entire affidavit and entering judgment against a party under the principles of Ellison v. Anderson, 74 So.2d 680, 680-81 (Fla.1954). Ellison provides a classic example of contradictory testimony by a party. The plaintiff “gave her deposition in which she practically absolved the bus driver of negligence” but later filed an affidavit in opposition to a summary judgment motion that “repudiated a portion of her previous deposition, by alleging that the bus driver did nothing to avoid the accident.” Id. Because the plaintiff offered an opinion, but later directly contradicted it, the supreme court said “that a party when met by a Motion for Summary Judgment should not be permitted by his own affidavit, or by that of another, to baldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the. discrepancy.” Id. at 681. Notably, the supreme court reversed the summary judgment because the plaintiff had provided the “affidavit of the driver of the other vehicle” that raised an issue as to the “speed of the bus under the existing circumstances.” Id.
In contrast to Ellison, the expert at issue in this case, Mr. Moore, offered no opinion in his deposition that he later contradicted. When asked generally if he had an opinion as to whether Burkins Chevrolet’s conduct was the cause of injury to Mr. Lesnik, he said he did not. No inquiry was made, or stipulation agreed upon, that would foreclose Mr. Moore from offering an opinion on the topic at a later time. Indeed, when asked whether he had “any opinions, as you sit here today, that any conduct of Mr. Burkins and Burkins Chevrolet contributed to the accident involving Mr. Lesnik?” he simply did not have one to offer at that time. (Emphasis added). He also had no opinion when asked whether lifted trucks “should hot be sold to the consuming public.”
In response to a summary judgment motion, a few months later hé provided an affidavit based on a number of industry-related . documents, focusing on various failures on the part of Burkins Chevrolet that might establish negligence (but not necessarily causation) on its part. Nothing in his affidavit repudiated his prior testimony; it neither rejected, disclaimed, renounced, denied, retracted, nor disavowed anything he’d ever said. See Futch v. Wal-Mart Stores, Inc., 988 So.2d 687, 691 (Fla. 1st DCA 2008) (“the Ellison rule does not apply because it has not been shown that appellant’s affidavit directly contradicts her deposition testimony.”). He offered no opinion on causation, which was the focus of two of the questions at his deposition; and he never offered an opinion on whether lifted vehicles should never be sold to the public (he said only that they create significant risks known in the industry about which consumers should know). No need existed for Mr. Moore to explain a purported change from or discrepancy in his deposition testimony because he had never offered an opinion on the topics. See id. (exception to Ellison allows change or discrepancy in prior opinions if credible explanation is offered). If Mr. Moore had expressed an opinion in his deposition that “practically absolved” Bur-kins Chevrolet of possible negligence that he later contradicted in his affidavit, we’d have a different case, one like Ellison. Instead, nothing in his.affidavit contradicted anything in his deposition.
Striking affidavits and entering judgment based on purported changes in an expert’s position is reservedly' used for only blatant instances of unexplained, bald contradictions. Experts are permitted to have tentative opinions and to modify their *583 initial opinions, such as where they don’t have all relevant records, without running afoul of Ellison. See Croft v. York, 244 So.2d 161, 165-66 (Fla. 1st DCA 1971) (“It is not unreasonable that a professional opinion initially expressed by an expert and based upon inadequate study or information might later change, in the light of a more careful review of the circumstances and study of the subject on which his opinion is elicited.”); see, e.g., United Auto. Ins. Co. v. Seffar, 37 So.3d 379, 381 (Fla. 3d DCA 2010) (trial court’s striking of doctor’s second affidavit, which was based on review of patient’s full medical records, was error where first.. affidavit was based on incomplete records and his evaluation was subject to change; “any discrepancy in the second affidavit .,.. cannot be considered a bald repudiation in violation of Ellison.'”). Even ambiguities between, an affidavit and prior deposition testimony aren’t sufficient to support entry of summary judgment. See, e.g., Siguenza v. Citizens Prop. Ins. Corp., 121 So.3d 1125, 1126 (Fla. 3d DCA 2013) (“At first glance, there would appear to be a contradiction between Mrs. Siguenza’s deposition testimony and her affidavit” but the former did “not necessarily contradict” the latter, precluding summary judgment). Indeed, initially testifying to a lack of knowledge about a relevant matter (such as the brand name of an allegedly defective product) does not foreclose later testimony oh the matter. Cary v. Keene Corp., 472 So.2d 851, 853 (Fla. 1st DCA 1985) (error to exclude affidavit naming défen-dant’s product where witness initially said he “could not recall specific brand names of the products he had used” but “was later able to recall the names of several of Keene’s products after a careful review of a products list”).
Taking a position is not the same as not taking a position; just like “Yes,” “No,” “Maybe,” “Uncertain,” and “I don’t know” are possible answers to the same question. Mr. Moore couldn’t have taken a contradictory position in his affidavit because he didn’t have one in his deposition. And no case has ever struck an affidavit' on this basis (i.e., that an -affidavit opinion is deemed contradictory where the party/witness did not have an opinion on the topic in a prior deposition). For good reason: the judicial landscape is littered with reversals of summary judgments where Ellison has been misapplied (see cases cited above and that follow); extending it to situations where no initial opinion has even been proffered is inconsistent with this body of precedent. See also Peterson v. Lundin, 148 So.3d 784, 787 (Fla. 2d DCA 2014) (error to enter summary judgment where party’s “affidavit and her previous testimony can be reconciled.”); Carriage Hills Condo., Inc. v. JBH Roofing & Constructors, Inc., 109 So.3d 329, 338 (Fla. 4th DCA 2013) (reversing summary judgment and opining that testimony must “directly contradict[ ] or repudiate! ] unequivocal prior testimony regarding matters of fact” and the “striking [of] the testimony is necessary in order to protect ‘the integrity of the judicial process....’ ”); Kling v. DiSclafani, 983 So.2d 648, 655 (Fla. 5th DCA 2008) (reversing where it “appears to us that Dr. Schlachter’s deposition testimony and affidavit testimony are consistent.”); Ouellette v. Patel, 967 So.2d 1078, 1083 (Fla. 2d DCA 2007). (trial court “erred in striking and refusing to consider Dr. Ko-vaes’ affidavit” which “did not ‘baldly repudiate’ his prior deposition testimony.”); Lawrence v. Pep Boys Manny Moe & Jack, Inc., 842 So.2d 303, 305 (Fla. 5th DCA 2003) (error to faji to consider plaintiffs affidavit explaining, why he fell despite not providing, this explanation in prior deposition); Arnold v. Dollar Gen. Corp., 632 So.2d. 1144, 1145 (Fla. 5th DCA 1994) (plaintiffs deposition “is not as clear *584 and emphatic as her later-filed affidavit, but we cannot say it is ‘blatantly' or ‘baldly’ contradictory, either.”); Streeter v. Bondurant, 563 So.2d 729, 733 (Fla. 1st DCA 1990) (“Dr. LoCjcero’s deposition testimony and his.affidavit are not in direct contradiction; thus, the rule of Ellison v. Anderson has no application.”); Kopacz v. Jack Eckerd Corp., 542 So.2d 469, 469 (Fla. 5th DCA 1989) (“ ‘Ellison Rule’ is not applicable here because a full reading of the deposition of, the plaintiff shows she very likely was confused :and unsure of her answer and thus should not be held strictly to it by granting summary disposition of her claim.”); R & W Farm Equip. Co. Inc. v. Fiat Credit Corp., 466 So.2d 407, 409 (Fla. 1st DCA 1985) (reversing where initial discovery responses “addressed only the preparation of the initial documents, whereas the subsequent affidavit avers circumstances relating to thé redrafted documents”); Willage v. Law Offices of Wallace & Breslow, P.A., 415 So.2d 767, 769 (Fla. 3d DCA 1982) (affirming summary judgment for defendant where' subsequent affidavit provided credible explanation).
No doubt, where a former statement is clearly contradicted by an unexplained, unsubstantiated subsequent statement, the rule of Ellison applies. See, e.g., Baker v. Airguide Mfg., LLC, 151 So.3d 38, 40 (Fla. 3d DCA 2014) (“statements clearly contradict Baker’s deposition testimony, and they evidence an attempt on Baker’s part to contravene her prior testimony and create a factual dispute.... ”); Jordan v. State Farm Ins. Co., 515 So.2d 1317, 1319 (Fla. 2d DCA 1987) (“it is evident that the statements in the affidavit contradict the testimony in the deposition and that the trial court wafe correct to striking the affidavit .... ”); see also Ondo v. F. Gary Gieseke, P.A., 697 So.2d 921; 924 (Fla. 4th DCA 1997) (“An unsubstantiated assertion is not sufficient to overcome the effect of the prior testimony, however, and the explanation must appear, either in the affidavit itself or, viewed as a whole, the record must support the explanation.”); Elison v. Goodman, 395 So.2d 1201, 1202 (Fla. 3d DCA 1981) (“[A]n unsubstantiated assertion that such an error has occurred is required to overcome the effect of previous sworn testimony.”).
But here the trial judge. struck Mr. Moore’s entire affidavit as being “irreconcilably inconsistent with his earlier deposition testimony” without identifying any contradiction. Absent the type of blatantly contradictory statements that the case-law'deems sufficient to strike an affidavit, Ellison doesn’t apply and litigation continues. See Andrews v. Midland Nat. Ins. Co., 208 So.2d 136, 137 (Fla. 3d DCA 1968) (“We think that at the danger of prolonging litigation, we must hold that a witness is not irrevocably bound by his first written statement upon the issues of a case.”). Admittedly, gamesmanship' can play a role where an expert plays “hide and seek” with his opinion^; but nothing in the record shows that Mr. Moore did anything of the kind. At some point the flow of expert opinion must come to an end and adjudication of disputed issues begins. But that point hadn’t been reached in this case, which was terminated prematurely. On this record, the striking of Mr. Moore’s affidavit and entry of summary judgment in favor of Burkins Chevrolet based on Ellison was error;- I concur, however, as to affirmance on all other grounds.