# Third District Court of Appeal

## State of Florida

Opinion filed April 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-91
Lower Tribunal Nos. 19-243AP; 11-1525CC

_____

**United Automobile Insurance Company, etc.,**
Appellant,

vs.

**Gables Rehab, Inc., etc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); Corredor & Husseini, P.A., and Maria E. Corredor, for appellee.

Before FERNANDEZ, LINDSEY, and BOKOR, JJ.

FERNANDEZ, J.

United Automobile Insurance Company appeals the trial court's order granting summary judgment in favor of Gables Rehab, Inc. and the final judgment awarding personal injury protection ("PIP") benefits to Gables Rehab. Upon review of the record, we reverse the order and remand for further proceedings.

On February 28, 2011, Gables Rehab filed suit against United Auto to recover PIP benefits after accepting an assignment of benefits from the insured in exchange for medical services. United Auto previously denied payment based on an independent medical examination ("IME") of the insured.

On July 24, 2018, Gables Rehab moved for final summary judgment on the contested issues of reasonableness, relatedness, and medical necessity. The evidence presented in support of the motion for summary judgment consisted of: (1) the affidavit of the treating chiropractor, Dr. Jeffrey Draisel, D.C., stating that the services were related and necessary; (2) the bills of Gables Rehab to establish that the amount billed was reasonable; and (3) the deposition testimony of Gables Rehab's corporate representative regarding the reasonableness of the bills.

In opposition to the issue of reasonableness, United Auto relied on the affidavit of its litigation adjuster, Lizbeth Velazquez. In opposition to the

issues of relatedness and medical necessity, United Auto relied on the February 7, 2019 affidavit testimony of chiropractor, Michael Weinreb, D.C. In the affidavit, Dr. Weinreb discussed his IME of the insured, performed on February 2, 2010. On April 13, 2018, Dr. Weinreb provided deposition testimony based on the IME.

On February 12, 2019, Gables Rehab filed a motion to strike Dr. Weinreb's affidavit based on the "bald repudiation" doctrine.[1] Gables Rehab claimed that Dr. Weinreb's deposition testimony was baldly repudiated by his subsequent affidavit. Gables Rehab argued that, contrary to the deposition, the affidavit concludes that chiropractic care would not be medically necessary.

On July 16, 2019, a hearing was held on Gables Rehab's motion to strike. On July 24, 2019, the trial court granted the motion, and Dr. Weinreb's affidavit was stricken for baldly repudiating the deposition testimony. Specifically, the order finds that the affidavit conflicts with the deposition testimony in that the affidavit states that the injuries were not related to the accident and that chiropractic treatment was not medically necessary.

---

[1] Ellison v. Anderson, 74 So. 2d 680, 681 (Fla. 1954) ("[A] party when met by a Motion for Summary Judgment should not be permitted by his own affidavit, or by that of another, to baldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy.").

Following a hearing on the issues, the trial court granted Gables Rehab's motion for final summary judgment. The trial court then entered final judgment awarding Gables Rehab PIP benefits and interest totaling $7,808. This appeal followed.

A trial court's ruling on a motion for summary judgment is reviewed *de novo*. See Major League Baseball v. Morsani, 790 So. 2d 1071, 1074 (Fla. 2001). "Once the moving party establishes that there are no genuine issues of material fact, the burden shifts to the nonmoving party to show the existence of a disputed issue of fact." Master Tech Satellite, Inc. v. Mastec N. Am., Inc., 49 So. 3d 789, 790 (Fla. 3d DCA 2010) (citations omitted). The striking of an affidavit submitted in opposition to summary judgment under the bald repudiation doctrine is reviewed for an abuse of discretion. See Lesnik v. Duval Ford, LLC, 185 So. 3d 577, 580 (Fla. 1st DCA 2016).

Upon review of the trial court's order striking Dr. Weinreb's affidavit, the affidavit, and the deposition testimony, we find that the trial court abused its discretion by striking the affidavit, as the record does not reflect that the affidavit baldly repudiates the deposition testimony. In the order granting the motion to strike, the trial court found that in contrast to the deposition, Dr. Weinreb's affidavit opined: 1) that the injuries were not related to the subject accident and 2) that chiropractic treatment was not medically necessary. To

4

the contrary, Dr. Weinreb's affidavit does state that the injuries were causally related: "After the examination, I formed the following impressions: a. Cervical sprain resolved. b. Right shoulder strain. c. Lumbar strain. The diagnosed injuries can be considered causally related as stated by the claimant to the accident of January 6, 2010." As to Dr. Weinreb's opinion that chiropractic treatment was not medically necessary, in both his deposition and in his affidavit, he stated verbatim[2]:

> Based upon my history, the subjective complaints, the objective findings, my clinical evaluation reveals although positive findings were reported the claimant reported sustaining previous similar injuries for which she reported continue to cause her pain. It is my opinion that chiropractic treatment as a result of the motor vehicle accident in question would not be medically reasonable, related and necessary for the accident of January 6, 2010. The injuries appear to be more related to an old injury, soft tissue in nature and do not appear to be significant at this time.

Thus, the trial court erred in striking Dr. Weinreb's affidavit concluding that it constituted bald repudiation of his prior testimony. See Ellison v. Anderson, 74 So. 2d 680 (Fla. 1954).

Dr. Weinreb's testimony undoubtedly raises a genuine issue of material fact as it clearly conflicts with the testimony of the treating chiropractor, Dr. Draisel. Therefore, we reverse the order granting summary

---

[2] There are minor, non-substantive differences in punctuation and date format.

judgment and remand for further proceedings. Because we are reversing for further proceedings, we do not reach any other issue raised on appeal.

Reversed and remanded.