# Third District Court of Appeal

## State of Florida

Opinion filed December 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-167
Lower Tribunal Nos. 18-11308 CC & 20-161 AP
_____

**Rainbow Restoration, LLC,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lody Jean, Judge.

Chad Barr Law, and Chad A. Barr (Altamonte Springs), for appellant.

Vernis & Bowling of Broward, P.A., and Carlton Bober and Bernadette Guerra (Hollywood), for appellee.

Before SCALES, LINDSEY and MILLER, JJ.

SCALES, J.

Appellant Rainbow Restoration, Inc. ("Rainbow") appeals a final summary judgment in favor of appellee Citizens Property Insurance Corporation ("Citizens"). Because we determine there is a disputed issue of material fact, we reverse.

In August 2013, Rainbow provided water mitigation services to Citizens's insured, Elizabeth Aulicino, after her residence suffered water damage. After Citizens did not pay Rainbow's invoice, Rainbow, in May 2018, filed a Complaint for breach of contract against Citizens. Citizens answered by denying that it had ever received an invoice or any supporting documentation from Rainbow.

At his deposition, Rainbow's owner, Enrique Grajales, testified that, although he could not specifically recall when and how he was in contact with Citizens, he believed, based on his personal notes for the job, that he mailed the invoice to Citizens on August 14, 2013. He testified that he recalled his notes reflecting "Out by August 14th." He testified that it was his general practice, in 2013, to submit documentation to insurers by U.S. Mail. Over the course of the deposition, Grajales repeated the August 14, 2013 mailing date. Grajales, however, neither supplied for the record below any proof of mailing nor the notes he referred to in his deposition.

In May 2020, Citizens moved for summary judgment, asserting that Rainbow's lawsuit was its first notice of Rainbow's water mitigation services; thus, Citizens argued that Rainbow's lawsuit was premature as no breach of contract had occurred. Citizens supplemented its summary judgment motion with an affidavit by a corporate representative. Rainbow filed an affidavit by Grajales in opposition to Citizens's motion, in which Grajales amplified his deposition testimony by specifically claiming to have sent an invoice, an assignment of insurance benefits from Aulicino, and a certificate of completion by U.S. Mail on or about August 14, 2013.

At the August 5, 2020 summary judgment hearing on Citizens's motion, the trial court found that Grajales's deposition testimony mainly addressed Grajales's general practices in submitting documentation to insurance companies and, therefore, his summary judgment affidavit substantially differed from his deposition testimony. In granting summary judgment to Citizens, the trial court applied the principle "that a litigant, when confronted with an adverse motion for summary judgment, may not contradict or disavow prior sworn testimony with contradictory affidavit testimony." DeShazior v. Safepoint Ins. Co., 305 So. 3d 752, 755 (Fla. 3d DCA 2020).

3

Rainbow argues – and we agree – that the trial court erred in granting summary judgment because it apparently misunderstood Grajales's testimony. While Grajales's deposition testimony is not a model of clarity, he clearly testified that he mailed Rainbow's invoice to Citizens on August 14, 2013. Because Grajales's affidavit and deposition testimony do not appear to contradict each other, summary judgment is not warranted. See Siguenza v. Citizens Prop. Ins. Corp., 121 So. 3d 1125, 1126 (Fla. 3d DCA 2013).

We therefore reverse the summary judgment and remand this case to the lower court because there is a disputed issue of material fact as to whether Grajales mailed the necessary documentation to Citizens prior to filing suit.[1]

Reversed and remanded.

---

[1] Because the trial court granted summary judgment prior to the amendment to Florida Civil Procedure Rule 1.510, effective May 1, 2021, our determination in this appeal is based on Florida's former summary judgment standard. See In Re: Amendments to Florida Rule of Civil Procedure 1.510, 317 So. 3d 72 (Fla. 2021).