# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0096
Lower Tribunal No. 20-25161
_____

**Maria Morales,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Stephan Lopez Law Firm, LLC, and Stephan Lopez, for appellant.

Luks, Santaniello, Petrillo, Cohen & Peterfriend, and Edgardo Ferreyra, Jr., for appellee.


Before FERNANDEZ, LOGUE and LINDSEY, JJ.

PER CURIAM.

Affirmed. See Arce v. Citizens Prop. Ins. Corp., 388 So. 3d 205, 210 (Fla. 3d DCA 2024) ("We agree with the trial court that the summary judgment evidence plainly established that Insureds' notice to Citizens – some three years after Hurricane Irma – was not prompt, and, therefore, that Insureds breached the prompt notice provision of the subject policy."); Navarro v. Citizens Prop. Ins. Corp., 353 So. 3d 1276, 1280 (Fla. 3d DCA 2023) ("In the instant case, Navarro conceded in his deposition that in the days, weeks, and months after Hurricane Irma made landfall, he noticed leaks throughout his residence. As a result, he effectuated multiple roof repairs. Nonetheless, Navarro waited two years and seven months to report the claim. Under these circumstances, it is scarcely debatable Hurricane Irma constituted 'an occurrence that should lead a reasonable and prudent man to believe that a claim for damages would arise.' Thus, Navarro failed to act 'with reasonable dispatch and within a reasonable time.'" (citations omitted)); Williams v. Ryta Food Corp., 301 So. 3d 339, 341 (Fla. 3d DCA 2020) ("Under well-entrenched Florida precedent, 'a party when met by a [m]otion for [s]ummary [j]udgment should not be permitted by his [or her] own affidavit, or by that of another, to baldly repudiate his [or her] previous deposition so as to create a jury issue.'" (quoting Ellison v. Anderson, 74 So. 2d 680, 681 (Fla. 1954))).